Judge Zilly

05-CR-00133-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR05-0133Z |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| CHRISTOPHER W. McINTOSH, | |
| Defendant. | |

Come now the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Andrew C. Friedman, Assistant United States Attorney for said District, and the defendant, CHRISTOPHER W. McINTOSH, and his attorney, Stephan R. Illa, and enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.   <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the charge of arson, in violation of Title 18, United States Code, Section 844(i), contained in the Indictment. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that, before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2.  **Elements of the Offense.** The elements of the offense of arson as charged in Count 1, in violation of Title 18, United States Code, Section 844(i), are as follows:

First, the defendant used fire to damage or destroy a building;

Second, the defendant acted maliciously; and

Third, the building was used in interstate commerce or in activity affecting interstate commerce.

3.  **The Penalties.** Defendant understands that the statutory penalties for the offense of arson, as charged in Count 1 are: imprisonment for up to twenty (20) years, a mandatory minimum sentence of five (5) years of imprisonment, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a one-hundred-dollar ($100.00) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.  **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.  The right to plead not guilty, and to persist in a plea of not guilty;

      b.    The right to a speedy and public trial before a jury of Defendant's peers;

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant;

      h.    The right to appeal a finding of guilt or any pretrial rulings;

      i.    The right, to the extent required by law, to have sentencing factors charged in the Indictment or determined by a jury beyond a reasonable doubt.

5.    <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, absent applicable intervening law:

      a.    The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

      b.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing; and

      c.    Except as provided in Paragraph 9 below, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. <u>Restitution</u>. Defendant shall make restitution to the victims of his crime, as required by law. Said restitution shall be due and payable immediately, and shall be paid in accordance with a schedule of payments as ordered by the Court.

8. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense and expressly waives any right to have these facts determined by a jury beyond a reasonable doubt.

> Shortly after 1:00 a.m. on January 20, 2003, Defendant, Christopher W. McIntosh, broke a lock on a gate at the McDonald's restaurant at 222 5th Avenue North, Seattle, Washington, and climbed onto the roof of the restaurant. Defendant was carrying several gallons of gasoline, which he intended to use to start a fire on the roof of the restaurant, in an attempt to damage or destroy the restaurant. Once he arrived on the top of the roof, Defendant lit the gasoline on fire. The fire caused approximately $5,000 of damage to the McDonald's restaurant. Seattle Fire Department responded to the fire and extinguished it.
>
> Later in the day on January 20, 2003, Defendant called the Seattle arson tip line and left a voicemail message in which he stated "[t]here was an E-L-F-A-L-F hit at McDonald's across from the Space Needle. There will be more. . . . There will be more. As long as mother earth is pillaged, raped, destroyed. As long as McDonald's keeps hurting our furry brothers, there will be more. [Unintelligible] will be more."

The parties stipulate and agree that the McDonald's restaurant at 222 5th Avenue North, Seattle is a building the activities of which affect interstate commerce.

9. <u>Sentencing</u>. The parties recognize that Section 3A1.4 of the Sentencing Guidelines provides dramatic increases in sentencing ranges for "federal crime[s] of terrorism," and supports the applicability of upward departures in the case of offenses intended to coerce governments or civilian populations. In addition, Defendant acknowledges that the Bureau of Alcohol, Tobacco, Firearms and Explosives has determined that Defendant used a destructive device in connection with the arson. Although Defendant disputes the factual basis for this conclusion, and denies that he used a destructive device, in the event a jury were to find that Defendant did so, Defendant

would be subject to a thirty-year mandatory-minimum sentence for using a destructive device in a crime of violence under 18 U.S.C. § 924(c).

In light of these facts, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing should be within the range of 96 to 120 months (that is, eight to ten years). If the sentencing court rejects the agreement of the parties and seeks to impose a sentence outside the agreed-upon sentencing range, both the defendant and the United States reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made with regard to the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion to impose a sentence within the range agreed to above. Further, the parties understand that the Court retains full discretion with regard to the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture or restitution as may be applicable.

10. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant. Defendant agrees and acknowledges that any charges on which the United States is agreeing not to prosecute Defendant were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous, or taken

in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

11. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

12. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

13. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include, to the extent the United States Sentencing Guidelines are applicable, a sentencing enhancement or upward departure.

14. <u>Completeness of Agreement</u>.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 26TH day of September, 2005.

_____
CHRISTOPHER W. McINTOSH
Defendant

_____
STEPHAN R. ILLA
Attorney for Defendant

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING

1. Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2. Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3. All checks must be made out in U.S. dollars to "Clerk, U.S. District Court."

4. All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.

PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE: _____

FROM: _____

TO:    CLERK, U.S. DISTRICT COURT
       ATTN: INTAKE TEAM

CASE NAME:    UNITED STATES v. CHRISTOPHER W. McINTOSH

CASE DOCKET NUMBER:   CR05-0133Z

DEFENDANT'S NAME:   CHRISTOPHER W. McINTOSH

SINGLE OR MULTIPLE DEFENDANTS: SINGLE

TOTAL SPECIAL ASSESSMENT PER DEFENDANT AS SET FORTH IN THE PLEA AGREEMENT:   $100.00