Judge Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                              )<br>           Plaintiff,         )<br>                              )<br>           v.                 )<br>                              )<br>CHRISTOPHER W. McINTOSH,      )<br>                              )<br>           Defendant.         )<br>_____) | NO. CR05-0133Z<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

Comes now, the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Andrew C. Friedman, Assistant United States Attorney for said District, and files this Government's Sentencing Memorandum.

## I.   INTRODUCTION

Defendant, Christopher W. McIntosh, is before the Court for sentencing following his guilty plea to arson in violation of Title 18, United States Code, Section 844(i). McIntosh is scheduled to be sentenced at 1:30 p.m. on December 16, 2005.

## II.   PRESENTENCE REPORT

The Government has no objection to the facts, or to the calculation of McIntosh's sentencing range under the United States Sentencing Guidelines, set forth in the Presentence Report. As set forth in the Presentence Report, McIntosh's Offense Level is 24, and his Criminal History Category is IV. As a result, McIntosh's sentencing range is 77-96 months. McIntosh's Plea Agreement, which was entered pursuant to Federal Rule

of Criminal Procedure 11(c)(1)(C), provides that the parties have agreed that McIntosh's sentence should be between 96 and 120 months.

### III.   SENTENCING RECOMMENDATION

The Government recommends that the Court impose a sentence of 120 months' imprisonment, which represents the high end of the agreed-upon range and an upward departure from McIntosh's sentencing range under the Sentencing Guidelines. As the Court is well aware, following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the Sentencing Guidelines are merely one of a number of factors that a court must consider in sentencing   Other factors, which are set forth in 18 U.S.C. § 3553(a), include the need to punish the defendant, and the need to protect the public from the defendant. In this case, those factors support a sentence of 120 months' imprisonment.

First, the Government had some evidence that McIntosh used a destructive device in the arson of the McDonald's restaurant to which he pled guilty. Had the Government successfully prosecuted and convicted McIntosh under 18 U.S.C. § 924(c), McIntosh would have faced a total statutory mandatory minimum sentence, and a guidelines sentencing range, of 35 years' imprisonment. Thus, although a 120-month sentence reflects an upward departure for the crime of Arson, this sentence is drastically lower than a guidelines calculation that might have applied in McIntosh's case. As a result, a sentence of 120 months is, in some sense, not an upward departure from the sentencing range recommended under the Sentencing Guidelines.

Second, McIntosh has a not-insubstantial criminal history. McIntosh is not someone whose only brushes with the law stem from his environmental activism. Instead, McIntosh has a lengthy history of committing crime. Thus, McIntosh has convictions for Assault and Shoplifting and a federal conviction for Possession of Stolen Mail for which he received five months' imprisonment, and then ten more months following a revocation of his supervised release. Moreover, McIntosh has myriad other

1  arrests, and his criminal history almost certainly would be far worse had he not
2  panhandled around the country and simply failed to appear in various cases.
3       Third, and most important, a sentence of 120 months is needed to protect the
4  public.  The Government believes that McIntosh is without remorse for his crime.
5  Indeed, the Government suspects that McIntosh is proud of his crime, and, given the
6  chance, he would do the same thing again.  The Government is concerned that McIntosh
7  will commit additional arsons when he is released.  In light of this fact, a sentence of 120
8  months' imprisonment, rather than the minimum 96 months' imprisonment allowable
9  under the Plea Agreement, will provide added time for McIntosh to mature, and thereby
10 will provide the public needed protection.

### IV.  CONCLUSION

For the foregoing reasons, the Court should sentence McIntosh to 120 months' imprisonment, to be followed by three years' supervised release, and should order McIntosh to pay $5,000 in restitution, a $10,000 fine, and a $100.00 penalty assessment.

DATED this 13th day of December, 2005.

Respectfully submitted,

JOHN McKAY
United States Attorney


s/Andrew C. Friedman
ANDREW C. FRIEDMAN
Assistant United States Attorney

United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Telephone:  (206) 553-2277
Fax:  (206) 553-4986
E-mail:  Andrew.Friedman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via U. S. States First Class Mail or via facsimile.

s/Elisa G. Jimenez
ELISA G. JIMENEZ
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4439
FAX:   206-553-0755
E-mail: Elisa.Jimenez@usdoj.gov