1      Judge Zilly

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE

9    UNITED STATES OF AMERICA,          )
                                        )
10                  Plaintiff,          )      NO. CR05-0133TSZ
                                        )
11          v.                          )      GOVERNMENT'S SENTENCING
                                        )      MEMORANDUM
12   CHRISTOPHER W. McINTOSH,           )
                                        )
13                  Defendant.          )
     _____)

14

15          Comes now the United States of America, by and through Jenny S. Durkan,

16   United States Attorney for the Western District of Washington, and Andrew C. Friedman,

17   Assistant United States Attorney for said District, and files this Government's Sentencing

18   Memorandum.

19          Defendant, Christopher McIntosh, is before the Court for sentencing for violating

20   the terms of his supervised release by (1) failing to notify his Probation Officer of a

21   change in residence, and (2) failing to report to his Probation Officer within 72 hours of

22   his release from imprisonment.  The Government understands that McIntosh intends to

23   admit both violations.

24          The Government agrees with the Probation Office that McIntosh has committed

25   Grade C violations, that he has a Criminal History Category of IV, and that his sentencing

26   range therefore is 6-12 months.  The Government also agrees with the recommendation of

27   the Probation Office that the Court should revoke McIntosh's supervision and sentence

28

GOVERNMENT'S SENTENCING MEMO
McINTOSH (CR05-0133TSZ)  - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1 | him to 60 days' imprisonment and a new term of 34 months' supervised release,[1]

2 | including a condition that McIntosh spend up to 180 days in a residential reentry center.

3 |     In this case, McIntosh was designated to serve the final portion of his eight-year

4 | sentence at Pioneer Fellowship House.  McIntosh, whose sentence expired on August 7,

5 | 2012, was unable to obtain employment or housing.  As a result, on July 19, 2012, this

6 | Court modified the terms of McIntosh's supervision (with McIntosh's consent), to require

7 | that McIntosh reside in a residential reentry center, such as Pioneer Fellowship House, for

8 | up to 180 days (until he was able to secure his own residence).  On August 8, 2012, the

9 | first day of McIntosh's supervision, McIntosh absconded from that facility and

10 | supervision and remained a fugitive for approximately two months, before being arrested

11 | in early October 2012.

12 |     The 60-day sentence of imprisonment (which represents one third of the low end

13 | of McIntosh's sentence range) is warranted for two reasons.  First, some punishment is

14 | appropriate for McIntosh's decision to abscond on the very first day of supervision.

15 | Significantly, this is not the first time McIntosh has done this.  During a prior term of

16 | supervision imposed by the United States District Court for the Northern District of

17 | California, McIntosh twice absconded, and ultimately had his supervision revoked and

18 | was imprisoned for 10 months – twice the length of his original sentence in that case.  *See*

19 | Presentence Report ¶¶ 43, 47 (hereinafter PSR).  Second, when McIntosh is released from

20 | imprisonment, he should go directly to a residential reentry center, for the reasons

21 | discussed in the next paragraph.  There is currently no such bed space available.  A

22 | 60-day sentence should allow McIntosh to be released directly to a residential reentry

23 | center.

24 |     The requirement that McIntosh spend up to 180 days in a residential reentry center

25 | also is necessary in order to give McIntosh the best chance to succeed on supervision.

26 |

27 |

28 |     [1] Although the Probation Office is recommending a new three-year term of release, in the event that the Court imposes 60 days' imprisonment, the maximum length of the new term of supervision would be 34 months (that is, the original maximum three-year term, less the amount of confinement imposed following revocation).  *See* 18 U.S.C. § 3583(h).

GOVERNMENT'S SENTENCING MEMO
McINTOSH (CR05-0133TSZ)  - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1  McIntosh does not have any other stable residential address to which he can be released.

2  In addition, according to the Probation Office's sentencing recommendation, McIntosh

3  requires counseling for multiple mental health issues.  McIntosh also has a significant

4  history of substance abuse, *see* PSR ¶¶ 100-01, and likely would benefit from substance-

5  abuse counseling.  Requiring McIntosh to reside in a residential reentry facility will

6  provide structure required for any necessary counseling.

7       Therefore, the Government recommends that the Court revoke McIntosh's

8  supervision and sentence him to 60 days' imprisonment and a new term of 34 months'

9  supervision, including a condition that McIntosh spend up to 180 days in a residential

10  reentry center.

11       DATED this 1st day of November, 2012.

12                                Respectfully submitted,

13                                JENNY A. DURKAN
                              United States Attorney

14

15                                s/Andrew C. Friedman
16                                ANDREW C. FRIEDMAN
                              Assistant United States Attorney

17                                United States Attorney's Office
                              700 Stewart Street, Suite 5220
18                                Seattle, WA 98101
                              Telephone:   (206) 553-2277
19                                Fax:          (206) 553-0755
                              E-mail:       Andrew.Friedman@usdoj.gov

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SENTENCING MEMO
McINTOSH (CR05-0133TSZ) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on  November 1  , 2012, I electronically filed the foregoing

4   with the Clerk of Court using the CM/ECF system which will send notification of such

5   filing  to the attorney of record for the defendant.

6

7                                         s/ *Cheryl E. Walkden*
                                          CHERYL E. WALKDEN
8                                         Paralegal Specialist
                                          United States Attorney's Office
9                                         700 Stewart Street, Suite 5220
                                          Seattle, Washington 98101-1271
10                                        Phone:   (206) 553-1511
                                          Fax:      (206) 553-0755
11                                        E-mail:  Cheryl.Walkden@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SENTENCING MEMO
McINTOSH (CR05-0133TSZ)  - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970